IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADAM RAY LUCERO, | ) | 8:09CV385 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TYLYNN BAUER, CEO, Norfolk | ) | |
| Regional Center, SCOTT ADAMS, | ) | |
| Behavioral Health Serv. Director of | ) | |
| NE H.H.S., and BILL GIBSON, | ) | |
| Director, NE Dept. of H.H.S., | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made two claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: The Sex Offender Commitment Act and related Nebraska statutes violate the Equal Protection Clause of the Fourteenth Amendment, as applied to Petitioner and others similarly situated, *because* (1) they require a lesser standard of proof to commit alleged dangerous sex offenders than that required to commit mentally ill and dangerous persons; (2) they target persons serving a criminal sentence for a sex crime on or after July 14, 2006, but not those who completed serving a sentence for a sex crime prior to July 14, 2006; and (3) they target persons serving a

        criminal sentence for a sex crime on or after July 14, 2006, but not those who have been convicted of a sex crime in the past, but completed serving a sentence for a non-sex crime on or after July 14, 2006.

Claim Two:  The Sex Offender Commitment Act and related Nebraska statutes violate the Double Jeopardy Clause of the Fifth Amendment and the ex post facto prohibition of Article I, Section 10 of the United States Constitution.

 Liberally construed, the court preliminarily decides that both of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

 IT IS THEREFORE ORDERED that:

 1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that both of Petitioner's claims are potentially cognizable in federal court.

 2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

 3. By January 9, 2010, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following

text: January 9, 2010: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

    4.    If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A.    The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in the Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that the Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

5.    If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

    A.    By January 9, 2010, Respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the

merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that Respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 8, 2010: check for respondent to file answer and separate brief.

 6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

December 1, 2009.   BY THE COURT:

           s/ Joseph F. Bataillon
           Chief United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.